UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eugene Riley,<br><br>         Plaintiff,<br><br> -v-<br><br>33 Union Square West, Inc.,<br>d/b/a/ Union Square Wine & Spirits, and<br>Mitchell Soodak,<br><br>         Defendants. | **Civ. Action #:**<br><br>**COMPLAINT**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

  Plaintiff Eugene Riley ("Plaintiff" or "Riley"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendants 33 Union Square West, Inc., and Mitchell Soodak (collectively "Defendants"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains that he was employed by Defendants and pursuant to the New York Labor Law ("NYLL") that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff is entitled to recover his unpaid wages and compensation for not receiving notices

and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Eugene Riley ("Plaintiff" or "Riley") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief and at all times relevant herein, 33 Union Square West, Inc. ("33 USW"), was a New York for-profit corporation, doing business as Union Square Wine & Spirits.

9. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Mitchell Soodak ("Soodak") who was in charge of the operations and management of 33 USW.

10. Upon information and belief and at all times relevant herein, the corporate Defendant 33 USW was owned/controlled/managed by Defendant Soodak and was his alter ego, and it was Defendant Soodak who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

11. Upon information and belief, Defendants 33 USW and Soodak shared a place of business in Queens County, New York, at 140 Fourth Avenue, New York, NY 10003, where plaintiff was employed.

12. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the wine and liquor business. See https://www.unionsquarewines.com/

14. At all times relevant herein, Defendants employed approximately 20 or more employees at any given time – Defendants operated two locations.

15. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants from in or around August 2011 to in or around June 2016.

16. At all times relevant herein, Plaintiff was employed by Defendants as a delivery person performing all duties within this capacity.

17. At all times relevant herein, Plaintiff was paid at a regular rate of $13 an hour and Plaintiff was paid at his straight regular rate for all hours worked including overtime hours worked (hours over 40 in a week) – the overtime hours were paid separately at the straight regular rate of pay.

18. At all times relevant herein, Plaintiff worked approximately 41-65 hours a week and likely more, 5-6 days a week.

19. Plaintiff's hours worked and wages paid will be refined after Defendants produce employment, time and wage records it was required to keep under the FLSA and NYLL.

20. Plaintiff incorporates herein, <u>accurate</u> records of her time, wages and employment that Defendants were required to keep pursuant to the FLSA and NYLL.

21. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a week.

22. Upon information and belief, Defendants failed to pay Plaintiff at a rate of at least 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

23. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

24. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state all hours worked nor all wages earned by Plaintiff, among other deficiencies.

25. At all times relevant herein, Defendants had a policy and practice of deducting the costs of parking tickets from the wages of its drivers like Plaintiff. For example, Plaintiff incurred $230 or more in parking tickets while performing work for Defendants and was never reimbursed Plaintiff for such work-related expenses.

26. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendants' business volume and revenues as well as business operations and commerce that Defendants were required to keep and maintain under the FLSA including under 29 CFR 516.

27. Upon information and belief and at all times relevant herein, Defendants conducted business with companies outside the State of New York.

28. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff conducted business with insurance companies outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce – including the operation of a

website that sold products and merchandize to customers across the country.

30. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

31. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

32. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

36. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

37. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

38. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

39. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

40. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

41. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

42. Due to Defendants' FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

45. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff, his overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12

NYCRR § 142-2.2.

## Relief Demanded

46. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

47. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 47 above with the same force and effect as if fully set forth at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

49. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193, 198, and Article 6 of the NYLL, by failing to pay Plaintiff his unpaid wages including unpaid overtime wages, and by failing to reimburse Plaintiff for unlawful wages deductions such as parking tickets as laid out above.

50. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

51. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

**Relief Demanded**

52. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid overtime wages, (FLSA and NYMWA), reimbursement for unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

53. Declare Defendants (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law – 12 NYCRR § 142, and enjoin Defendants from engaging in such violations.

54. As to the **First Cause of Action**, award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

55. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

56. As to the **Third Cause of Action**, award Plaintiff all unpaid wages due including his unpaid overtime wages, reimbursement for unlawful wage deductions, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

57. Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the

relief requested in the wherefore clause/prayer for relief;

58. Award Plaintiff, such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
          January 23, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -  Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*